IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DEVIN GREGORY ROOPES,
FL DOC #C06445,

    Plaintiff,

v.                                                  CASE NO. 1:19-cv-186-AW-GRJ

BARRAK OBAMA, et al.,

    Defendants.
_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Lake Correctional Institution in Clermont, Fla., initiated this case by filing a *pro se* handwritten complaint pursuant to 42 U.S.C. § 1983 and seeks leave to proceed as a pauper. ECF Nos. 1, 2. Plaintiff's *in forma pauperis* motion is insufficient because he failed to submit a Prisoner Consent and Financial Certificate. Because, as explained *infra*, it is clear that the Complaint is due to be summarily dismissed as frivolous and for failing to state a claim, the Court will not require Plaintiff to correct this deficiency.[1]

---

[1] Pursuant to the Prison Litigation Reform Act, a prisoner seeking to bring a civil action or appeal *in forma pauperis* shall pay the full amount of the filing fee. 28 U.S.C. § 1915(a)(b)(1). In the interest of judicial economy, the Court will not assess the fee at this time.

The Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e).  Pursuant to § 1915(e)(2), the Court shall dismiss the complaint if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

The undersigned recommends that this case be dismissed as frivolous.  An action is frivolous or malicious where the allegations are clearly baseless, fanciful, fantastic, delusions, or without an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325–28 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).  Plaintiff, who describes himself as the "Supreme Omega" and "King Illuminati," names "little wayne," "Barrak Obama," "2-pac Shakquire, "Drake rapper," and "Adolf Hitler" as defendants in a supposed conspiracy to deprive Plaintiff of gold, or "monei," in Greece.  ECF No. 6–8.  Plaintiff's allegations are incomprehensible and sound in delusion.

The undersigned also recommends dismissal because Plaintiff fails to state a cognizable § 1983 claim.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requires a plaintiff to assert "sufficient factual matter" that, if accepted as true, "state a claim to relief that is plausible on

2

its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Mere labels and conclusions are insufficient.  *Id.*  Moreover, the Court will not penalize a *pro se* litigant for "linguistic imprecision" but is not required to accept "wildly implausible allegations" as true.  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

To state a claim under § 1983, the plaintiff must allege two essential elements: (1) that he was deprived of a right secured by the Constitution or federal law; and (2) that the deprivation occurred under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999).  Plaintiff has not asserted that Defendants are state actors who violated his constitutional or legal rights.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given," Fed. R. Civ. P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile.  371 U.S. at 182. The Court concludes that amendment of the Complaint would be futile because amendment would not cure the deficiency regarding the lack of any factual basis that would support a claim under § 1983.  *Gary v. U.S. Gov't*, 540 F. App'x 916, 918 (11th Cir. 2013).

3

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **STRICKEN** as deficient.

It is respectfully **RECOMMENDED** that this case should be dismissed as frivolous and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

**IN CHAMBERS** this 3rd day of October 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[2] Due to the frivolous nature of the allegations in the Complaint, the Court will not address whether Plaintiff, who is incarcerated in the Middle District of Florida, satisfied the venue requirements of 28 U.S.C. § 1391(b) for his lawsuit to be properly filed in the Northern District of Florida.